David J. McGlothlin, Esq. (SBN: 026059)
David@southwestlitigation.com
**Hyde & Swigart**
One East Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for the Plaintiff
John Griggs

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| John Griggs<br><br>                    Plaintiff,<br><br>v.<br><br>United FP, Inc. and PLG<br><br>                    Defendants. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. John Griggs, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of United FP, Inc. and PLG, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair

Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendants are located in California, they are subject to the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

10. Because Defendants do business within the State of Arizona, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

12. Plaintiff is a natural person who resides in the City of Scottsdale, County of Maricopa, State of Arizona.

13. Defendant United FP, Inc. is located in the City of Corona, the County of Riverside, and the State of California.

14. Defendant PLG is located in the City of Lake Elsinore, the County of Riverside, and the State of California.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by

California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

20. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

21. At all times relevant, Defendants conducted business within the State of Arizona.

22. Sometime before April 14, 2010, Plaintiff is alleged to have incurred certain financial obligations.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before April 14, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before April 14, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

27. On or about April 14, 2010, Defendants telephoned Plaintiff and left a voicemail for Plaintiff.

HYDE & SWIGART
Phoenix, Arizona

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. Defendants failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendants and that Defendants would provide Plaintiff with the name and address of the original creditor. This omission by Defendants violated 15 U.S.C. § 1692g.

31. In this April 14, 2010 voicemail, Defendants' agent, Tim McDonald, states he was calling in reference to a "complaint directed into his office." He also stated if [Plaintiff] would like to discuss the "action that's going to be filed, to call the firm immediately." Defendant's agent goes on to provide a "case number."

32. Through this conduct, Defendants placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

33. Defendants failed to disclose in this initial written communication with the consumer that Defendants were attempting to collect a debt and that any

information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

34. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

35. Plaintiff is informed and believes no case has been filed against Plaintiff by Defendants in an attempt to collect the alleged debt.

36. Therefore the statements by Defendants were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

38. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

39. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

40. On or about April 26, 2010, Defendants telephoned Plaintiff and left a voicemail for Plaintiff.

41. In this April 26, 2010 voicemail, Defendants' agent, Danny Robinson, states he was calling in reference to a "pending action being filed against [Plaintiff]"

and if Plaintiff would like to discuss this to contact the "firm." Defendants' agent goes on to provide a "case number."

42. Through this conduct, Defendants placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendants violated 15 U.S.C. § 1692d(6).

43. Defendants failed to disclose in this initial written communication with the consumer that Defendants were attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendants violated 15 U.S.C. § 1692e(11).

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

45. Plaintiff is informed and believes no case has been filed against Plaintiff by Defendants in an attempt to collect the alleged debt.

46. Therefore the statements by Defendants were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

48. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

49. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

50. On or about May 10, 2010, Defendants telephoned Plaintiff and left a voicemail for Plaintiff.

51. In this May 10, 2010 voicemail, Defendants' agent, Michael Jones, states he was calling in reference to a "complaint that was forwarded to his office." He also stated if [Plaintiff] would like to discuss the " pending action being filed against [Plaintiff] to contact the firm handling [Plaintiff's] case." Defendants' agent goes on to provide a "case number."

52. Through this conduct, Defendants placed a telephone call without meaningful disclosing of the caller's identity.  Consequently, Defendants violated 15 U.S.C. § 1692d(6).

53. Defendants failed to disclose in this initial written communication with the consumer that Defendants were attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendants violated 15 U.S.C. § 1692e(11).

54. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

55. Plaintiff is informed and believes no case has been filed against Plaintiff by Defendants in an attempt to collect the alleged debt.

56. Therefore the statements by Defendants were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendants violated 15 U.S.C. §§ 1692e and

1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

57. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

58. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

59. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

60. On or about May 11, 2010, Plaintiff returned Defendants call. During this call Defendants' agent, Mr. Adams, asked Plaintiff "have you been served today?" Defendants' agent went on to make threats of litigation against Plaintiff, refused to provide anything in writing, and abruptly terminated the conversation with Plaintiff by hanging up on Plaintiff.

61. Defendants failed to disclose in this subsequent communication that the communication was from a debt collector. Consequently, Defendants violated 15 U.S.C. § 1692e(11).

62. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

63. Plaintiff is informed and believes no case has been filed against Plaintiff by Defendants in an attempt to collect the alleged debt.

64. Therefore the statements by Defendants were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

As such, this action by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

65. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

66. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

67. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

68. Due to Defendant's actions, Plaintiff has suffered a great deal of mental anguish including but not limited to the following symptoms: stress, anxiety, nervousness, fear of answering the door or telephone, which have impacted his personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

71. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each plaintiff; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788-1788.32

72. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

73. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

74. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for each plaintiff; and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

75. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from each and every defendant;

76. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each and every defendant;

77. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788-1788.32

78. An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) from each and every defendant;

79. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) from each and every defendant;

80. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant.

## TRIAL BY JURY

81. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: June 7, 2010                                    **Hyde & Swigart**

By:  /s/ David J. McGlothlin  
David J. McGlothlin  
Attorneys for the Plaintiff